IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHELLY G. V., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-00883-BCW <br><br> Magistrate Judge Brooke C. Wells |

This case is before the undersigned following the parties' consent under Federal Rule of Civil Procedure 73.[1] An oral argument was held in this matter on September 6, 2018. Andrew J. Reichardt represented Plaintiff and Narissa C. Webber represented Defendant. After hearing oral argument and having considered the parties' memoranda, the administrative record and relevant case law, the court finds the Administrative Law Judge's (ALJ) Residual Functional Capacity (RFC) determination was supported by substantial evidence and the correct legal standards were applied. The court adopts the reasoning set forth by Defendant in its answer brief.

Based on the testimony of the vocational expert, the ALJ found Plaintiff Shelly G.V.[2] not capable of performing her past work, but able to perform representative light unskilled work prior to November 9, 2015; after that date the ALJ found Plaintiff disabled.[3] Plaintiff

---

[1] ECF No. 14.
[2] Based on privacy concerns regarding personal information, the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 10, 30-31, 76-77.

challenged only one aspect of the ALJ's decision: giving little weight to her former primary physician Hillary Seibert (Siebert). Notably, according to the record, Plaintiff only saw Dr. Seibert three times between March and September 2013.[4] It was during the third and final visit that Dr. Siebert opined Plaintiff had physical abilities consistent with a range of sedentary work, that she could only sit, stand and walk for 15 minutes at a time, would need a 15-minute break for every hour worked, and would be absent five to ten times per month.[5] Dr. Siebert also opined Plaintiff would have moderate to severe difficulty using her hands for various tasks.[6]

The administrative hearing was held in December 2015. As stated above, the ALJ found Plaintiff not disabled before November 2015.[7] The ALJ gave Dr. Siebert's opinion "little weight" because (1) it was inconsistent with the statements from the examining physician Dr. Ingebretsen; (2) the record showed no further treatment from Dr. Siebert or anyone else at her clinic, and (3) Dr. Siebert was not treating Plaintiff at the time of the hearing.[8] Plaintiff argues these reasons are insufficient and fall short of "meaningful legal analysis" because the ALJ did not address all six factors set forth for treating physicians in 20 C.F.R. §404.1527. But the Tenth Circuit has explained that ALJ's are not required "to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."[9] This is because "[n]ot every factor for weighing opinion evidence will apply in every case."[10]

Here, the ALJ's decision is supported by substantial evidence and the correct legal

---

[4] Pl. Br. 3-6.
[5] Tr. 416-18.
[6] Tr. 417.
[7] Tr. 12-31.
[8] Tr. 26-27.
[9] *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).
[10] *Id.* citing SSR 06-03p.

standards were applied.[11] Accordingly, the decision of the Commissioner is affirmed and the Clerk of the Court is directed to close this case.

DATED: this 14th day of September, 2018.

Brooke C. Wells
U.S. Magistrate Judge

---

[11] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").